*United States* (11 Cust. Ct. 118, C. D. 807), certain of the hides in question were held dutiable as claimed.

BEFORE THE THIRD DIVISION, AUGUST 8, 1944

**No. 49662.**—Protests 89464–K, etc., of C. J. Tower & Sons (Buffalo).

Opinion by CLINE, J. In accordance with stipulation of counsel that the merchandise in question is the same as that passed upon in *Richardson* v. *United States* (12 Cust. Ct. 6, C. D. 823), the protests were sustained as to the claim made.

**No. 49663.**—Protests 937485–G, etc., of John J. Brunner Agency, Inc., et al. (New York).

Opinion by CLINE, J. It was stipulated that the merchandise consists of portions of cheese packed in boxes and that of such portions, except one portion which is Tilsit, are similar in all material respects to the cheese the subject of *Gruyere Cheese Corp.* v. *United States* (7 Cust. Ct. 171, C. D. 562) and *Kraft Phenix Cheese Corp.* v. *United States* (10 Cust. Ct. 271, C. D. 767). In accordance therewith, the merchandise in question was held dutiable, as claimed, at 5 cents per pound, but not less than 20 percent ad valorem, under paragraph 710 as modified.

BEFORE THE SECOND DIVISION, AUGUST 10, 1944

**No. 49664.**—Petition 6366–R of J. Schoeneman, Inc. (Philadelphia).

Opinion by KINCHELOE, J. It was found from examination of the record that the entry of the merchandise at a less value than found upon final appraisement was without any intention to defraud the revenue of the United States, or to conceal or misrepresent the facts. The petition was therefore granted.

BEFORE THE FIRST DIVISION, AUGUST 11, 1944

**No. 49665.**—Protest 95693–K/91183 of Clinton Co. (Chicago).

Opinion by WALKER, J. Following Abstract 15400 the court dismissed the protest.

**No. 49666.**—Protests 36969–K, etc., of Columbia Co. et al. (Los Angeles).

Opinion by COLE, J. The merchandise was assessed and claimed dutiable at the same rates and under the same paragraphs as similar merchandise covered by the decision in *Quong Yuen Shing Co.* v. *United States* (31 C. C. P. A. 43, C. A. D. 247). In accordance with stipulation of counsel and on the authority of said cited case the merchandise at bar was found to contain salt and was therefore excluded from paragraph 5 (chemical compounds). The protests were sustained to this extent.